UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL ORTIZ,                          :
      Plaintiff,                   :
                      :
v.                                     :          No. 3:13CV01876 (DJS)
                      :
JOHN CORDOBA, ET AL.,                  :
      Defendants.                  :

MEMORANDUM OF DECISION

In his Amended Complaint the plaintiff, Miguel Ortiz ("Ortiz"), brings claims of breach of contract, intentional infliction of emotional distress, and unjust enrichment against the defendant John Cordoba ("Cordoba")[1]. These claims relate to Ortiz's allegations that he entered into an oral agreement with Cordoba to assist in the refinance of Ortiz's residence located at 105 Bunker Avenue, Meriden, Connecticut ("the subject property"), but that Cordoba subsequently forged Ortiz's signature on a quitclaim deed concerning the subject property and wrongfully took control of that property. Ortiz further alleges that Cordoba paid off Ortiz's existing mortgage loan and obtained a new mortgage loan. In addition to seeking money damages, Ortiz requests that all liens and mortgages on the subject property be declared null and void and unenforceable. The defendants OneWest Bank N.A.[2] ("OneWest"), City of Meriden, and Secretary of Housing and Urban Development are identified in the Amended Complaint as interested parties who may claim an interest in the subject property on the basis of mortgages or municipal liens.

OneWest has filed a Third-Party Complaint against Peter Treffers ("Treffers"),  an

---

[1]The Amended Complaint also includes an unjust enrichment claim against Juan Cordoba, the father of John Cordoba, who is alleged to have falsely witnessed Ortiz's signature on the quitclaim deed and to whom the subject property was later transferred by John Cordoba.

[2]OneWest Bank N.A. was formerly known as OneWest Bank, FSB.

attorney who was engaged on behalf of Access Mortgage Corporation to conduct a reverse mortgage closing secured by a first mortgage on the subject property. The Third-Party Complaint alleges that Treffers received closing instructions to close the reverse mortgage in first lien position on the subject property and to secure a title insurance policy concerning the subject property. OneWest alleges further that Treffers failed to comply with the closing instructions given to him, and, in particular, failed to obtain title insurance concerning the subject property. The note and mortgage concerning the subject property were subsequently assigned to OneWest. The Third-Party Complaint includes claims against Treffers sounding in negligence, negligent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty. OneWest seeks to recover from Treffers losses that would result from a declaration that the OneWest mortgage on the subject property is not enforceable.

Treffers has moved to dismiss the Third-Party Complaint against him. He argues that a third-party complaint filed pursuant to Fed. R. Civ. P. 14 ("Rule 14") must seek indemnity or contribution and that OneWest has not and cannot assert any such claim against him. OneWest counters that a third-party complaint under Rule 14 is not limited to causes of action based on indemnity or contribution, and that, consistent with Rule 14, OneWest seeks to transfer to Treffers the liability asserted against OneWest by Ortiz. For the reasons stated below, the motion to dismiss filed by the third-party defendant Treffers is granted.

DISCUSSION

Rule 14 provides in part that, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The purpose of Rule 14 is to avoid two separate actions

-2-

which should be tried together; to save the time and cost of duplicating evidence; to obtain consistent results; and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against a third party." *Horsehead Corp. v. Shinski*, No. 7:09-CV-483 (TJM/ATB), 2010 U.S. Dist. LEXIS 43077, at *7 (N.D.N.Y. April 30, 2010). "Third-party practice, also known as impleader, is generally permitted when the third party's liability is dependent upon the outcome of the main claim or when the third party is potentially secondarily liable to the defendant." *Blais Construction Co., Inc. v. Hanover Square Associates-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) (internal quotation marks omitted).

With regard to the defendant OneWest, Ortiz seeks a declaration that the mortgage on the subject property held by OneWest is unenforceable due to the fraudulent nature of the quitclaim deed transferring ownership of the property to the defendant Cordoba. Treffers contends that a third party complaint under Rule 14 must seek indemnity or contribution. Because Ortiz does not seek money damages from OneWest, Treffers argues, OneWest cannot assert a claim for indemnity or contribution against him and, for that reason, cannot pursue a third-party complaint against him under Rule 14. The Court believes this is too narrow a view of the purpose of Rule 14. "In the appropriate factual circumstances, it has been held that impleader is available in declaratory judgment actions." *Shinski*, 2010 U.S. Dist. LEXIS 43077, at *8.

While the Court does not agree with the interpretation of Rule 14 urged by Treffers, it does find the facts in this case materially different from those in other declaratory ruling actions in which impleader was determined to be appropriate. In *Affiliated FM Insurance Co. v. Jou Jou Designs*, No. 90 Civ. 8262 (MJL), 1993 U.S. Dist. LEXIS 14547 (S.D.N.Y. Oct. 15, 1993), the plaintiff sought a recission of insurance policies based on the alleged failure of the defendants to

disclose material facts in the policy applications. The defendants filed third-party complaints alleging breach of contract and breach of fiduciary duty against insurance agents who helped procure the policies. The insurance agents moved to dismiss the third-party complaints for the reason that the underlying complaint sought only declaratory relief and that the original defendants would consequently not be liable for money damages should the plaintiffs prevail. The court determined that the policy underlying Rule 14 "should not be defeated by a narrow or technical interpretation of the Rule's requirements. Thus, the distinction between the declaratory relief sought by [the plaintiff] and the pecuniary relief sought by the defendants will not defeat the motion to implead." *Id.* at *6-7 (internal quotation marks and citation omitted). The court then considered the substance of both the original complaint and the third-party complaints. "It is clear that both claims involve similar factual and legal issues. Impleader is appropriate in this instance as it will save the time and expense of duplication of evidence. In addition impleader increases the likelihood that consistent results may be obtained from similar or identical evidence." *Id.* at *10. *See also Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566, 569 (S.D.N.Y. 1983) (Impleader permitted where the original plaintiff sought declaratory relief and the defendants sought to implead their insurance broker since "the questions in both the main proceeding and the third-party complaint . . . turn on substantially the same facts").

Here neither the Amended Complaint nor the Third-Party Complaint alleges any connection between the third-party defendant Treffers and the plaintiff Ortiz or between the alleged fraudulent actions of Cordoba and the actions of Treffers. Thus "[t]he legal and factual issues surrounding the third-party . . . claims are independent of those that would be involved in the resolution of the main action. Therefore, these claims do not serve as an appropriate basis for

Rule 14 (a) impleader." *Blais Construction Co.* 733 F. Supp. at 157. To the extent that the Amended Complaint and the Third-Party Complaint raise similar legal claims, i.e., claims relating to contractual obligations, courts "have refused to permit impleader where the original and third-party claims arose from distinct contracts . . . [and] the resolution of the contractual responsibilities at issue in the third-party claim was not dependent upon the resolution of contractual responsibilities at issue in the main action." *International Paving Systems, Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 688 (E.D.N.Y. 1994). The resolution of the contractual responsibilities at issue in the Third-Party Complaint against Treffers is not dependent upon the resolution of the contractual responsibilities at issue in the Amended Complaint. "To permit impleader in this situation would go directly against the rule that liability of a third-party defendant must not arise out of a separate and independent claim." *Blais Construction Co.*, 733 F. Supp. at 157 (internal quotation marks omitted).

CONCLUSION

OneWest's claims against Treffers do not provide an appropriate basis for a third-party complaint under Rule 14. Accordingly OneWest's Third-Party Complaint must be dismissed. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F. Supp. 2d 242, 249 (S.D.N.Y. 2004) (a third-party complaint that does not satisfy the requirements of Rule 14 "must be dismissed"). The motion to dismiss (doc. # 66) filed by the third-party defendant Treffers is GRANTED.

SO ORDERED this   7th  day of January, 2015.

_____/s/ DJS_____
Dominic J. Squatrito
United States District Judge